NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENRIQUE DOQUE-LORENZANA, AKA Enrique Henrry Duke, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.   14-73545 <br><br> Agency No. A201-114-227 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Enrique Doque-Lorenzana, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's determination that Doque-Lorenzana failed to establish past persecution or a fear of future persecution on account of an enumerated ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Zetino*, 622 F.3d at 1016 ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (harm based on personal retribution is not persecution on account of a protected ground). We reject Doque-Lorenzana's contention that the agency erred in its analysis. Thus, Doque-Lorenzana's withholding of removal claim fails.

Finally, substantial evidence also supports the BIA's denial of CAT relief because Doque-Lorenzana failed to show it is more likely than not that he would

14-73545

be tortured by the Mexican government, or with its consent or acquiescence. *See*

*Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED**.

14-73545